GEORGE F. RICE v. MADELIA FARMERS WAREHOUSE COMPANY and Others.

HENRY COOLING v. SAME.

November 17, 1899.

Nos. 11,888, 11,889, 11,913, 11,914, 11,915—(78, 79, 86, 87, 88).

### Grain in Public Warehouse—Fraud—Action under G. S. 1894, § 2600.

Where grain deposited for storage with a corporation organized under title 2, c. 34, of the statutes, engaged as warehouseman in storing grain for hire, is wrongfully disposed of by the fraud, unfaithfulness, or dishonesty of the directors, officers, or members, the owner of the grain suffers a loss peculiar to himself, which entitles him to maintain an action against such directors. officers, or members, under G. S. 1894, § 2600, subd. 3.

**Complaint Good upon Demurrer.**

> *Held*, also, that the complaint sufficiently connects the defendants with the wrongful conversion, at least in their capacity as members or stockholders of the corporation.

Action in the district court for Watonwan county to recover the value of wheat deposited for storage with defendant company. From orders overruling demurrers to the complaints, Quinn, J., defendants A. O. Ouren, Thomas C. Hovde, Abraham Jacobson, and Frank Lee appealed. Affirmed.

*Lind & Somsen* and *Seager & Lobben*, for appellants.

*W. E. Young* and *Ashley Coffman*, for respondent.

MITCHELL. J.[1]

The complaint alleges that the Madelia Farmers Warehouse Company was a corporation organized under G. S. 1894, c. 34, tit. 2, for the purpose of building or leasing and operating elevators and warehouses, and buying, selling, dealing in, handling, storing, and shipping all kinds of grain and farm produce, etc., and during all the time from its organization, in March, 1886, until it became insolvent, and its assets were placed in the hands of a receiver, in July, 1897, it had been engaged as warehouseman in storing grain for hire under the statute regulating the storage of grain; that at divers dates between October 12, 1892, and October 18, 1893, plaintiff delivered and deposited for storage with the company as warehouseman certain quantities of wheat, which it received and accepted for storage; that each and all of the defendants have from its organization been, and still are, stockholders of the corporation. The complaint further alleges that the defendants were at various times directors of the corporation, stating the lengths and dates of their respective terms of office, from which it appears that none of them except Lee were directors all the time, and that there was no period during which they were all directors. The complaint then alleges in substance that

The defendant corporation, and the said above-named directors and officers of said corporation, contrary to the law, and without the

[1] COLLINS and BUCK, JJ., absent, took no part.

knowledge or consent of the plaintiff, at different times between October 1, 1892, and January 1, 1896, wrongfully and unlawfully sold and disposed of and removed from said elevator all of plaintiff's grain, and converted the same to the use and benefit of the corporation and of the defendants; also that each of the defendants, while stockholders, directors, and officers of the corporation, and while managing its business as such directors and officers, fraudulently and dishonestly permitted, advised, directed, and participated in these unlawful acts, and at all times had knowledge of these unlawful, fraudulent, and dishonest acts, and of the way in which said business was being carried on, or by the exercise of reasonable diligence and care could and should have known the same.

This action was brought to recover from the defendants the value of the grain, under the provisions of the third subdivision of section 2600, G. S. 1894, which, by section 2796, is made applicable to corporations organized under title 2 of chapter 34. Each of the defendants interposed a separate demurrer to the complaint on the ground that it did not, as to him, state a cause of action.

By the wrongful conversion of his grain the plaintiff suffered a loss peculiar to himself, which enabled him to maintain an action under section 2600 against those stockholders, directors, or officers who were responsible for the wrongful act by reason of fraud, unfaithfulness, or dishonesty in the discharge of their official duties. National New Haven Bank v. Northwestern Guaranty Loan Co., 61 Minn. 375, 63 N. W. 1079. The relation of the corporation and the plaintiff prior to the wrongful conversion of the grain was not that of debtor and creditor, but of bailor and bailee; and the title of the grain, whether kept in specie by itself or commingled in a common mass with the grain of other depositors, remained, under the grain warehouse act, in the plaintiff. Hall v. Pillsbury, 43 Minn. 33, 44 N. W. 673. The complaint contains immaterial and irrelevant allegations of other wrongful acts constituting merely misappropriations of corporate assets, or frauds on other depositors, but that fact does not render it demurrable. It also contains allegations which counsel construe as meaning that the defendants have refunded to the corporation all the corporate money which they had misappropriated, including the proceeds of all the grain which they had wrongfully converted. But payment to the corporation is not

payment to the plaintiff, nor will it relieve the defendants from their personal liability to him for the conversion of his grain.

It is also urged that the complaint does not sufficiently connect the defendants with the wrongful conversion of the grain. The allegations of the complaint in that regard are rather obscure, indicating that, at the time, the pleader had a somewhat confused idea as to the capacity in which the defendants were acting when the wheat was converted, and, if it was sought to hold them liable for acts of commission or omission solely as directors, there might be some doubt as to the sufficiency of the complaint. But the statute under which the action is brought includes "members" (stockholders) as well as directors and officers; and we think that the complaint sufficiently charges the defendants with dishonesty and fraud or unfaithfulness as stockholders, construing the latter word as including neglect of duty. See National New Haven Bank v. Northwestern Guaranty Loan Co., supra.

The questions of the statute of limitations, and whether section 2600 applies to co-operative associations organized under Laws 1870, c. 29, suggested on the argument, are not raised by these demurrers. We may add, however, that it is settled by the later decisions of this court that this is not "an action upon a statute for a penalty or forfeiture," within the meaning of the statute of limitations. See National New Haven Bank v. Northwestern Guaranty Loan Co., supra.

Orders affirmed.