GEORGE F. RICE v. MADELIA FARMERS' WAREHOUSE COMPANY and Others.[1]
HENRY COOLING v. SAME.

November 14, 1902.

Nos. 13,331—(48).

### Corporation—Unfaithfulness of Officer.

"Unfaithfulness" in the transaction of the business of a corporation by an officer, director, or stockholder, for which he may be held liable for corporate debts, as provided in G. S. 1894, § 2600, subd. 3, must be something more than mere neglect arising out of a failure to carefully oversee and superintend corporate affairs upon strict business principles,—such a failure as may really and solely be attributable to incompetency or lack of business qualifications.

[1] Reported in 92 N. W. 225.

Evidence.

> *Held*, upon an examination of the evidence in this case, that defendants are not liable for corporate debts under the provisions of said section 2600.

Action in the district court for Watonwan county by George F. Rice to recover from Madelia Farmers' Warehouse Company and the officers and directors thereof the value of wheat stored with defendant company and converted. The case was tried, together with that of Henry Cooling against the same defendants, involving the same issues, before Quinn, J., who made findings of fact and as conclusions of law found that plaintiff was not entitled to recover from any of the individual defendants except defendant J. E. Johnson. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*W. E. Young* and *Ashley Coffman*, for appellants.

*J. W. Seager, J. L. Lobben, W. S. Hammond* and *E. H. Bither*, for respondents.

COLLINS, J.

The complaint in this action has heretofore been passed upon, and held to state facts constituting a cause of action. 78 Minn. 124, 80 N. W. 853. We therein determined that plaintiff suffered a loss peculiar to himself, by the alleged wrongful conversion of his grain, which enabled him to maintain an action, under G. S. 1894, § 2600, subd. 3, against those stockholders and officers of defendant corporation who were responsible for the alleged wrongful act, by reason of fraud, unfaithfulness, or dishonesty in the discharge of their duties (citing National New Haven Bank v. Northwestern Guaranty Loan Co., 61 Minn. 375, 63 N. W. 1079), and, further, that the complaint sufficiently charged the defendants with dishonesty and fraud and unfaithfulness as stockholders, construing the word "unfaithfulness" as including lack of duty. Subsequent to that decision the cause was brought on for trial before the district court, a jury being waived, and upon its findings of fact and conclusions of law judgment was ordered in favor of all of the defendants. The present appeal is from an order denying a motion made by plaintiff for a new trial.

1. Some of the assignments of error go to the sufficiency of the evidence to sustain certain findings of fact; the principal one questioned being to the effect that the defendants, with the exception of Johnson, who was the inspector and active man of the corporation, were not guilty of any wrongful act, or fraud or unfaithfulness or dishonesty, in the discharge of their duties as directors, officers, or stockholders of the corporation. We have examined with care the testimony bearing upon the allegations of the complaint to which this finding was responsive, and in which defendants were charged with fraud, unfaithfulness, and dishonesty in their management. It is very clear, not only from this examination, but from the admissions of counsel during the argument, that, on the evidence, not all of the defendants could be held liable to plaintiffs under any construction of the statute. This of itself would be sufficient to uphold the principal finding, for, if the evidence sustained it as to any one or more of the defendants, counsel has not sufficiently questioned it by the specification of error, under Laws 1901, c. 113, as set forth in his moving papers, which is, in substance, the assignment of error found in his brief. And the same can be said of the assignment itself. It is wholly insufficient, if not well founded as to each defendant; and it is admitted, as before stated, that, as to some, the principal finding is well supported by the proofs.

But we need not rely upon this technicality as a ground for affirming the order appealed from. An examination of the evidence convinces us that although some of the defendants may have lacked good business qualifications, and for this reason were quite incompetent to manage corporate affairs, yet, within the meaning of the statute, they did not neglect or violate their duties, or fail properly to superintend the acts of Johnson. There is no claim of actual fraud or dishonesty, and they were not guilty of "unfaithfulness," as that word is used in the law, and must be construed, unless we are to impose too great a degree of responsibility upon an officer, and are to inflict punishment upon him whenever a subordinate goes wrong.

In arriving at this conclusion we have not lost sight of what was said in reference to this subject in National New Haven Bank v.

Northwestern Guaranty Loan Co., supra. That case was before us upon a general demurrer to the complaint, which was very full and specific in its allegations, and what was said in the opinion had reference to, and must be considered in connection with, the allegations under consideration. Active fraud, actual bad faith, and positive dishonesty were set forth in that complaint, as they were in the complaint on which this action was tried.

We think that the "unfaithfulness" relied upon as the basis of an action of this nature must be something more than mere neglect arising out of a failure carefully to oversee and superintend corporate affairs upon strict business principles,—a failure really and solely attributable to incompetency or lack of business qualifications. Of course, it will not be forgotten that in the application of the statute every action brought to enforce it must stand or fall upon the facts presented, but, as it is exceedingly drastic, it must be applied with care and caution in all cases. A learned text-writer, when referring to statutes of this character, observed that:

"These statutes are generally regarded as penal statutes, and an action upon them is an action for a penalty. * * * They are hence to be construed strictly, but, whilst this is so, nothing short of a substantial compliance with the statute will exonerate the trustees." 3 Thompson, Corp. § 4164.

It is not necessary for an enforcement that there should be an intentional or wilful violation of a legal duty, nor is it necessary that there should be express assent to a wrongful act which has been committed by a subordinate. Certainly, if a superior officer knew that a violation of the law was being committed or about to be committed, and failed to object, having the opportunity so to do, he would assent to the commission of an unlawful act when his duty required him to object. On the facts here, we have no such case before us.

2. It is assigned that the court erred when sustaining an objection to a question asked by plaintiff's counsel (the meeting referred to being one held by several of the defendants as directors in September, 1895, some five months prior to the appointment of a receiver) in language as follows:

"Q. Was there any talk at the meeting about buying,—about borrowing money to buy up stored grain with, and to give the directors storage checks for that amount?"

It is true that the ruling by which an answer to the interrogatory, was excluded was followed by an offer to prove certain acts and language at the meeting on the part of the directors, which offer was objected to, the objection being sustained, and an exception taken. But the ruling on the offer was not assigned as error in the motion for a new trial, nor is it questioned in the brief of plaintiff's counsel upon appeal. Had this been done, there might have been some merit in the contention, but certainly no error is reached by the assignment under consideration. An affirmative answer to the quoted question would not in itself have tended to show fraud or unfaithfulness or dishonesty on the part of the defendants. And subsequent rulings by which proof of either was excluded were not complained of on the motion for a new trial, or by an assignment of error on appeal. This disposes of appellant's contention on this point.

3. It is so evident that the court below was justified in determining that a new trial should not be granted upon the ground of newly discovered evidence, that the subject need not be discussed. And it seems unnecessary to consider the assignments of error to any further extent.

Order affirmed.